**UNITED STATES of America, Plaintiff,**

v.

**David J. SHIELDS and Pasquale F. DeLeo, Defendants.**

**No. 90 CR 1044.**

United States District Court,
N.D. Illinois, E.D.

July 30, 1991.

See also 778 F.Supp. 956, 767 F.Supp. 163.

MEMORANDUM OPINION
AND ORDER

ILANA DIAMOND ROVNER, District
Judge.

## I. INTRODUCTION

In Counts One through Four of the superseding indictment in this case, defendants David J. Shields (formerly Chief Judge of the Circuit Court of Cook County, Chancery Division) and Pasquale F. DeLeo (an attorney) are charged with attempting and conspiring to interfere with interstate commerce through the commission of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. The statute defines "extortion" to mean "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The purported extortion in this case took place when DeLeo allegedly took money from the government's cooperating witness, Robert Cooley, for the purpose of paying Shields to rule favorably to Cooley in a lawsuit pending before Shields. That suit was fictional, and had been filed by the government as part of an undercover investigation into corruption within the Cook County court system. Both defendants move for dismissal of the Hobbs Act charges on a variety of grounds. For the reasons set forth below, defendants' motions are denied.

## II. ANALYSIS

■ Shields contends that the Hobbs Act charges must be dismissed as to him because the indictment does not allege that he did anything to induce the purported bribes, rather, at most it merely establishes that he passively accepted them. *See United States v. Aguon,* 851 F.2d 1158 (9th Cir.1988) (en banc); *United States v. O'Grady,* 742 F.2d 682 (2d Cir.1984) (en banc). As Shields himself acknowledges (Shields Mem. at 4), the Seventh Circuit has expressly rejected any requirement that affirmative inducement be proven in order to sustain a Hobbs Act charge: "In this circuit it is extortion if the official knows that the bribe, gift, or other favor is motivated by a hope that it will influence him in the exercise of his office and if, knowing this, he accepts the bribe." *United States v. Garner,* 837 F.2d 1404, 1421–22 (7th Cir. 1987), *cert. denied,* 486 U.S. 1035, 108 S.Ct. 2022, 100 L.Ed.2d 608 (1988), quoting *United States v. Holzer,* 816 F.2d 304, 311 (7th Cir.), *vacated and remanded on other grounds,* 484 U.S. 807, 108 S.Ct. 53, 98 L.Ed.2d 18 (1987). Only recently the court of appeals reaffirmed its position on this issue. *See United States v. McClain,* 934 F.2d 822, 830 (7th Cir.1991) ("a defendant can commit extortion 'under color of official right' if he merely accepts bribes, solicited or not"). Because the Seventh Circuit has long had the benefit of the contrary authority upon which Shields relies yet has declined to embrace a requirement of affirmative inducement, the Court concludes that the indictment need not allege this as an element of the Hobbs Act charges.

The Supreme Court's recent opinion in *McCormick v. United States,* — U.S. ——, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991), does not alter the status quo on this issue, as both defendants suggest. In that

case, the court held only that a quid pro quo (*i.e.* an express promise or undertaking by the defendant to act or not to act) must be proven in order to sustain a charge under the "color of official right" prong of the Hobbs Act against an elected official who accepts a bribe in the form of a campaign contribution. 111 S.Ct. at 1816–17. The court did not consider whether this requirement existed in other contexts, *id.* at 1817 n. 10, nor did it consider whether a showing of inducement is necessary to sustain a charge of extortion by color of official right, *id.* at 1813 n. 5. It is true that Justice Scalia offered some hints as to what his position might be on such questions, *id.* at 1818–20; and it appears that the Court will have another go at the Hobbs Act in *Evans v. United States*, 910 F.2d 790 (11th Cir.1990) which the Court has accepted for review. —— U.S. ——, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991). Howeve; neither the dicta of one Justice nor the acceptance of certiorari grants this Court license to depart from a firmly established line of Seventh Circuit authority.

Shields also argues that the indictment fails to allege, in support of an alternate "economic harm" theory, that he "induced" a bribe through wrongful use of actual or threatened fear of economic harm. Yet, the indictment alleges just that. (*See* Indictment Counts Two through Four.) To the extent Shields suggests that an allegation of what he terms "active inducement," which is not required under the "color of official right" prong of the Hobbs Act, *is* required under the "economic harm" prong, Shields cites no authority recognizing such a distinction, and the Court rejects his suggestion that it adopt one. The allegations of the indictment are sufficient; whether the evidence will support the allegation is not a matter for the Court to address upon a motion to dismiss.

■ Setting aside the sufficiency of the economic harm allegations, Shields contends that the government could in no event prevail upon this theory because Cooley, acting in cooperation with the government, could not actually have feared economic harm from Shields. A mere attempt to frighten Cooley would not suffice, Shields argues, because the Hobbs act does not proscribe attempted extortion. However, Shields' premise is incorrect; courts have consistently recognized the viability of an attempted extortion charge under § 1951. *United States v. Rindone*, 631 F.2d 491, 493 (7th Cir.1980); *see also United ed States v. Lewis*, 797 F.2d 358, 367 (7th Cir.1986), *cert. denied*, 479 U.S. 1093, 107 S.Ct. 1308, 94 L.Ed.2d 162 (1987). Thus, the government need not prove that Cooley actually experienced fear of economic harm. *See United States v. Finley*, 708 F.Supp. 906, 909 (N.D.Ill.1989) (Rovner, J.); *United States v. Davis*, 673 F.Supp. 252, 259–60 (N.D.Ill.1987) (Williams, J.).

■ Shields also attempts to assert a defense of legal impossibility, contending that because the government provided the alleged bribe money to Cooley, the requisite nexus with interstate commerce cannot be shown. Once again, as Shields recognizes, the controlling authority is squarely against him on this point. Depletion of the government's sting money through the payment of bribes to a defendant can supply the requisite nexus with interstate commerce. *See United States v. Hocking*, 860 F.2d 769, 777 (7th Cir.1988); *Rindone*, 631 F.2d at 493. *See also Lewis*, 797 F.2d at 367; *United States v. Peete*, 919 F.2d 1168, 1175–76 (6th Cir.1990).

DeLeo attempts to make an argument similar to Shields' on this point, arguing that use of the FBI's money to make bribes in the context of the government's mock lawsuit precluded any actual effect on interstate commerce and amounts to no more than manufactured jurisdiction. As the Seventh Circuit authorities cited above reveal, bribes generated from FBI coffers provide an adequate basis for charges of attempted extortion. Moreover, the fact that the government used a mock lawsuit and the offices of its cooperating witness as the vehicle for its sting operation does not undercut the Hobbs Act charges. *Cf. United States v. Frasch*, 818 F.2d 631, 634–35 (7th Cir.1987) (bribes paid by off-track betting service operated by FBI supplied requisite link to interstate commerce);

*United States v. Conn,* 769 F.2d 420, 424 (7th Cir.1985) (government funds used to purchase supplies for law firm established by FBI for purposes of its Operation Greylord investigation supplied sufficient connection to interstate commerce).

Both defendants have also cited the Seventh Circuit's recent opinion in *United States v. McClain, supra,* as a purported harbinger of a more strict construction of the Hobbs Act. *McClain* does not bar the Hobbs Act charges against the defendants in this case, however. The court of appeals did not purport to rewrite the long history of cases within this circuit and elsewhere supporting Hobbs Act charges on facts comparable to those alleged here. The majority in *McClain* simply concluded that except in certain circumstances, a private citizen could not be charged with extortion under the "color of official right" prong of the Hobbs Act. 934 F.2d at 830. Significant here is the court's observation that an "official right" theory would be viable against a private citizen who acts in coordination with a public official. *Id.,* citing *United States v. Margiotta,* 688 F.2d 108, 130–33 (2d Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).

### III. CONCLUSION

For the reasons set for above, defendants' motions to dismiss counts one through four of the superseding indictment are denied.